UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21421-CIV-LENARD/GARBER

ANNETTE PAUL,

    Plaintiff,

v.

REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.,

    Defendant.
_____/

**ORDER**

    THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received defendant Realtor Association of Greater Fort Lauderdale, Inc.'s Verified Itemized Bill of Costs [DE 70]. Though plaintiff Annette Paul was granted an extension of time in which to file a response, she did not do so and no objections to Realtor Association's Bill of Costs have been received.

    Judge Lenard entered summary judgment in favor of Realtor Association on March 23, 2010 [DE 68] and Paul's Motion for Reconsideration was thereafter denied. As the prevailing party, Realtor Association is entitled to costs unless there is a sound basis for denying them. Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2001); Fed. R. Civ. P. 54(d)(1). Though Paul did not raise any objections to Realtor Association's Motion, the Court must nonetheless review the costs claimed to ensure that they are allowable under the applicable statutes and rules. See Azam-Qureshi v. The Colony Hotel, Inc., 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008) (refusing to tax certain costs even though opposing party did not object). Further, the Court is accorded great latitude in

determining taxable costs. Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985).

Realtor Association seeks $5,409.78 in costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). Most of the costs sought fall squarely into one of the six categories outlined in § 1920 and are thus deemed to be appropriate. The $350.00 requested for fees of the clerk is appropriate under § 1920(1). Additionally, the $2,518.90 requested for deposition costs is warranted under §1920(2) even though the case did not proceed to trial. See Catanzaro v. Ala. State Port Auth., No. 05-0358-CG-C, 2006 WL 3933275, at *3 (S.D. Ala.. Dec. 7, 2006) (finding that depositions were necessarily obtained for use in the case despite the entry of summary judgment). Finally, the $540.88 submitted for fees for exemplification and copies of materials necessarily obtained for use in the case is properly taxable under § 1920(4). This is so despite Realtor Association's failure to include itemized invoices of its expenses for these items. Though the inclusion of invoices would have been preferable, Realtor Association's declaration, under penalty of perjury, that the listed costs are correct and properly taxable, is sufficient. See Velez v. Levy World Ltd. P'ship, 182 Fed. Appx. 929, 932 (11th Cir. 2006) (approving of magistrate judge's recommendation that certain court reporter services fees be taxed despite the absence of invoices). The Court has no reason to presume that any of the aforementioned costs are inappropriate.

On the other hand, while costs sought for the service of subpoenas are allowable under §1920(1), the $950.00 that Realtor Association is requesting for the nine subpoenas is deemed excessive in light of the statutory fees authorized in §1921. That is, though costs for private process servers may be taxed, the Court does not abuse its discretion in limiting those costs to the amounts charged by the United States Marshals Service for the same work. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Most of the subpoenas that Realtor Association has listed in its Bill

of Costs appear to have been served before December 18, 2008, when the U.S. Marshals Service's rate for service of process was $45.00 per hour (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3) (2008). The current rate for service of process, effective December 19, 2008, is $55.00 per hour. 28 C.F.R. § 0.114(a)(3) (2009). The submitted invoices do not indicate how much time was spent effectuating service or whether there were any associated travel costs or out-of-pocket expenses. Accordingly, the Court will tax $45.00 for service on each of the seven entities in November 2008 and $55.00 for each of the two services in 2009. The Court will thus allow Realtor Association to recover $425.00 total for process server fees.

Lastly, there is no statutory support for the recovery of costs associated with mediation. See, e.g., Turcios v. Delicias Hispanas Corp., No. 07-20150–CIV, 2009 WL 1393238, at *5 (S.D. Fla. May 14, 2009). The $1050.00 sought for mediation service fees will therefore not be awarded.

To summarize then, the Court has determined that the following costs and corresponding amounts are taxable:

| | |
|---|---|
| Fees for the clerk | $350.00 |
| Deposition costs | $2,518.90 |
| Fees for exemplification and copies | $540.88 |
| Service of process fees | $425.00 |
| **TOTAL** | **$3,834.78** |

Accordingly, and upon due consideration, it is hereby

ORDERED that the defendant's Verified Itemized Bill of Costs [DE 70] is GRANTED IN PART and DENIED IN PART such that defendant Realtor Association of Greater Fort Lauderdale, Inc. shall have and recover from the plaintiff Annette Paul the sum of $3,834.78 as and for reasonable and necessary costs incurred by the defendant in this cause as discussed above.

DONE AND ORDERED in Chambers at Miami, Florida this 9th day of September, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE